OLD AMERICAN INSURANCE COMPANY *v.* WIGGINS.

Opinion delivered July 1, 1929.

*John L. Crank,* for appellant.

*H. B. Means,* for appellee.

KIRBY, J. Appellee, the beneficiary named in the policy or certificate of insurance upon the life of his wife, Mable Wiggins, brought this suit to recover $400, alleged to be the balance due under the policy for $500 and for penalty and attorney's fees, and recovered judgment, from which the appeal is prosecuted.

The complaint alleged the issuance of the policy on the 1st day of July, 1927, jointly to Curtis Wiggins and others for the payment of $500 upon the proof of death of Curtis Wiggins and Mable Wiggins; that Curtis Wiggins was named as beneficiary of Mable Wiggins; the payment of all premiums, the death of the insured Mable Wiggins on the 10th day of May, 1928, the payment as provided in the policy upon the next day after information of the death of the insured of $100, denial of liability under the policy on account of false answers in the application for insurance, the application stating that Mable Wiggins was not pregnant when in fact she was pregnant. That, prior to and at the time of making the application for insurance, Mable Wiggins and Curtis Wiggins, the plaintiff, advised, notified and informed the company and its agents of Mable Wiggins' true condition, that she was pregnant, but the defendant's agents who prepared the application for the policy, knowing her true condition, carelessly or fraudulently stated in the application for insurance that said Mable Wiggins was not pregnant, which statement was unknown to her or the plaintiff at the time.

The answer denied the other allegations of the complaint, admitted denying liability under the policy on account of false answers in the application for insurance, and admitted that the application stated that Mable Wiggins was not pregnant, when in fact she was. Denied that she or Curtis Wiggins had advised, notified and informed the defendant or its agents of her condition of pregnancy and that its agents who prepared the application for the policy knew the true condition of Mable Wiggins and carelessly or negligently stated on the application that she was not pregnant and that such answer was unknown to her or the plaintiff. Denied plaintiff's right to attorney's fees, alleging the statute under which the claim was made to be unconstitutional, contravening the Federal Constitution.

The application which was attached to and made part of the policy was exhibited with it, and shows Mable Wiggins was asked the question, "Are you pregnant at this time?" Answer, "No." The application also contains the statement and warranty that the applicant knew that her insurability was to be determined without medical examination and by the answers made to the questions, and that before signing the application she had read or had had read to her each of the answers, and that each of same was unqualifiedly true, warranting them to be so, etc.

The policy contained the following provision: "The company shall not be liable in any amount for death resulting within 10 months from the date of this policy as a direct or indirect result of pregnancy or childbirth." The policy was issued on June 4, 1927, and her death occurred on the 10th day of May, 1928.

Appellee, being asked the condition of his wife at the time of applying for the insurance, stated the agent asked if she was pregnant, and he told him she was, and the agent said, "Well, then, I don't know whether I can write her or not until I see further," and he went away, and in a few days returned and told appellee, "It is all right. I am ready and will write up your policy." He

stated that his wife did not sign the application; that she could not write or read, and he did not know who signed it for her. That the agent had him to sign his name, and that he did not know of his wife's signing by making her mark with a witness, and that she did not answer the question in the application, "Are you pregnant at this time?" "No." That he did not ask her, at the time of filling out the application, anything about being pregnant, but they had told him a number of days before that she was pregnant. The agent taking the application did not testify, and the application as signed did not purport to be signed by Mable Wiggins by mark.

The company paid the $100, according to the terms of the policy, on the day after being informed of the death of Mable Wiggins, and later, in checking up on the claim, denied liability because of the answer, "No," by the insured, appearing in the application to the question, "Are you pregnant at this time?"

There is no contention on the part of appellee that the insured was not pregnant at the time the application for the policy was made, or denial that she gave birth to a child on the 27th day of September, 1927, after the date of the policy on the 4th day of June, 1927, or that her death occurred on the 10th day of May, 1928. The beneficiary's statement that he had told the agent, when applying for insurance, shortly before the application was written, that his wife was pregnant, and had been informed by the agent that he did not know whether he could write a policy until he saw further about it, and in a few days was informed by him that "It is all right. I am ready and will write your policy up," was undisputed. Neither was his statement that his wife could not read or write denied, and he also testified that no question was asked her by the agent at the time he wrote the application about her condition.

The jury found against the appellant, on conflicting testimony, that no false warranty had been made as to the condition of pregnancy of the insured, that no ques-

tion about it was asked her, and the answer "No" to the printed question was not made or authorized by the insured, but written by the agent taking the application, notwithstanding he had before been fully informed of the pregnancy of the insured.

In *Southern Insurance Co.* v. *Floyd*, 174 Ark. 373, 295 S. W. 715, it was said, quoting syllabus:

"Knowledge relating to the physical condition of the insured which comes to the agent of the insurance company, while he is performing the duties of his agency in receiving applications for insurance and delivering policies, becomes the knowledge of the company, and the insurance company is bound thereby, in spite of a provision in the policy to the contrary, where the agent who solicited the business was charged with the duty of asking the applicant questions concerning his physical condition."

The testimony of the beneficiary shows that the applicant correctly and truthfully answered all questions about her physical condition propounded to her, and is to the effect that there was no collusion between the agent of the company and the insured; and it is also undisputed that the agent had knowledge of the insured's pregnancy at the time he wrote the application for the insurance. It is also true that the death of the insured occurred more than ten months after the delivery of the policy, and its validity could not therefore be affected nor liability by the company escaped under the provision for non-liability for death resulting within 10 months from the delivery of the policy, as a result, directly or indirectly, of pregnancy or childbirth, if such had been the case, and it was not shown to be.

The issue was submitted to the jury on proper instructions, and there was substantial testimony in support of the verdict, which will not be disturbed by this court. The judgment is accordingly affirmed.